UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL S. BENT,<br><br>             Plaintiff,<br><br>    v.<br><br>PATRICIA LASHWAY, et al.,<br><br>             Defendants. | CASE NO. C16-5916BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Patricia Lashway's ("Lashway") motion for a more definite statement (Dkt. 24) and Defendant Mark Greenberg's[1] ("Greenberg") motion to dismiss (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

---

[1] On January 21, 2017, Naomi Goldstein ("Goldstein") replaced Greenberg as the Acting Assistant Secretary for the Administration for Children and Families (ACF) under the U.S. Department of Health and Human Services (HHS). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Goldstein, in her official capacity, is automatically substituted for Greenberg in his former official capacity.

ORDER - 1

## I. PROCEDURAL HISTORY

On October 31, 2016, Plaintiff Michael Bent ("Bent") filed a complaint against Lashway, individually, and in her official capacity as Acting Secretary of the Washington Department of Social and Health Services ("DSHS"); Greenberg individually, and in his official capacity as Acting Assistant Secretary for the Administration for Children and Families ("ACF"); Mark Mccauley in his official capacity as Manager and CEO of Clark County; and Greg Kimsey in his official capacity as Clark County Auditor. Dkt. 1. Bent asserts numerous claims based on the theory that "Lashway inappropriately steers Federal Incentive grant awards to the County with intention to bias custodial arrangement in fragmented families." *Id*., ¶ 25.

On January 3, 2017, Lashway filed a motion for a more definite statement (Dkt. 24) and Greenburg filed a motion to dismiss (Dkt. 25). On January 16, 2017, Bent responded to Lashway's motion. Dkt. 27. On January 18, 2016, Bent responded to Greenburg's motion. Dkt. 29. On January 20, 2017, Lashway replied. Dkt. 30. On February 3, 2017, Goldstein replied. Dkt. 31.

## II. DISCUSSION

**A.   More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Federal Rule of Civil Procedure 9(b) provides that, "[i]n alleging

1  fraud or mistake, a party must state with particularity the circumstances constituting fraud
2  or mistake." Fed. R. Civ. P. 9(b).
3     In this case, Lashway's primary contentions are that Bent's complaint fails to
4  plead fraud with particularity and fails to provide sufficient allegations to form an
5  appropriate response. Dkt. 24. The Court agrees with the former argument, which is
6  sufficient to grant the motion. Even though Bent's claims assert violations of his
7  constitutional rights, if "the claim is said to be 'grounded in fraud' or to 'sound in fraud,'
8  . . . the pleading of that claim as a whole must satisfy the particularity requirement of
9  Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).
10 Bent alleges that Lashway submitted "false claims" and fraudulently misrepresented that
11 Bent had "abandoned his children, leaving them in need of support or care." Dkt. 1, ¶¶
12 84, 86. Bent, however, fails to provide "'the who, what, when, where, and how' of the
13 misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616,
14 627 (9th Cir. 1997)). Moreover, Bent "'must set forth *more* than the neutral facts
15 necessary to identify the transaction. The plaintiff must set forth what is false or
16 misleading about a statement, and why it is false.'" *Id*. (quoting *Decker v. GlenFed, Inc.
17 (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994)). Accordingly, the
18 Court grants Lashway's motion because Bent has failed to provide sufficient notice of the
19 alleged fraudulent misrepresentations and false claims.
20 **B.    Motion to Dismiss**
21    Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil
22 Procedure may be based on either the lack of a cognizable legal theory or the absence of

sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, Goldstein moves to dismiss both the official capacity and individual capacity claims. First, Goldstein argues that Bent's Administrative Procedures Act ("APA") and 42 U.S.C. § 1983 claims must be dismissed because the Court lacks jurisdiction over both claims. Dkt. 25. The Court agrees. "[S]ection 1983 only provides a remedy against persons acting under color of state law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Goldstein does not act under authority of state law. Similarly, the APA provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Even if Bent could identify some final agency action, he has failed to show that he has no other adequate remedy in court. For example, he has petitioned the Supreme Court for a writ of certiorari on the removal of his concurrent state action. Either that Court instructs this Court to address the issues on the merits or it would seem that Bent could appeal the state trial court decision through the state appellate courts. Accordingly, the Court grants Goldstein's motion on the official capacity claims.

Second, Bent's individual capacity claims fail as well. Bent has failed to show that he properly served Greenberg in his individual capacity, and, even if he did perfect service, Bent may not assert an APA claim against an official in his or her individual capacity. *See, e.g., Rogers v. U.S. Parole Comm'n*, CIV. 10-1179-TC, 2011 WL 4544633, at *2 (D. Or. Aug. 11, 2011), *report and recommendation adopted*, CIV. 10-1179-TC, 2011 WL 4547957 (D. Or. Sept. 29, 2011) (citing 5 U.S.C. § 703). Accordingly, the Court grants Goldstein's motion on the individual claims.

### III. ORDER

Therefore, it is hereby **ORDERED** that Lashway's motion for a more definite statement (Dkt. 24) and Goldstein's motion to dismiss (Dkt. 25) are **GRANTED**.

Bent may file an amended complaint consistent with this order no later than March 3, 2017. Failure to file a complaint or otherwise respond will result in **DISMISSAL** of his claims against Lashway.

The Clerk shall terminate Greenberg and Goldstein.

Dated this 22nd day of February, 2017.

BENJAMIN H. SETTLE
United States District Judge