UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL S. BENT,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICIA LASHWAY, et al.,<br><br>    Defendants. | CASE NO. C16-5916BHS<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS |

This matter comes before the Court on the motion to dismiss of Defendant Amanda Barlow, in her capacity as the Acting Assistant Acting Assistant Secretary of the Administration for Children and Families of the United States Department of Health and Human Services ("Secretary") (Dkt. 45)[1] and the motion to dismiss of Defendant Patricia Lashway ("Lashway") (Dkt. 46). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 31, 2016, Plaintiff Michael Bent ("Bent") filed a complaint against Lashway, individually, and in her official capacity as Acting Secretary of the Washington

---

[1] Amanda Barlow is now the Acting Assistant Secretary for the Administration for Children and Families under the U.S. Department of Health and Human Services. As such, she is automatically substituted as the proper federal defendant under Fed. R. Civ. P. 25.

Department of Social and Health Services ("DSHS"); the Secretary; Mark McCauley, in his official capacity as Manager and CEO of Clark County; and Greg Kimsey, in his official capacity as Clark County Auditor. Dkt. 1. Bent asserted numerous claims based on the theory that "Lashway inappropriately steers Federal Incentive grant awards to the County with intention to bias custodial arrangement in fragmented families." *Id*., ¶ 25.

On January 3, 2017, Lashway filed a motion for a more definite statement (Dkt. 24) and the Secretary filed a motion to dismiss (Dkt. 25). On February 22, 2017, the Court granted the Secretary's motion and dismissed Bent's claims against the Secretary with prejudice and granted Lashway's motion giving Bent leave to amend his claims against Lashway only. Dkt. 35. On February 27, 2017, Bent appealed. Dkt. 38.

On March 3, 2017, Bent filed an amended complaint asserting claims against four defendants, including the Secretary and Lashway. Dkt. 40.

On March 14, 2017, the Ninth Circuit dismissed the appeal for lack of jurisdiction because the Court's order did not dispose of all claims against all parties. Dkt. 44.

On March 17, 2017, both the Secretary and Lashway moved to dismiss the amended complaint. Dkts. 45, 46. On April 13, 2017, Bent responded to both motions. Dkts. 49, 50. On March 14, 2017, the Secretary and Lashway replied. Dkts. 51, 52.[2]

---

[2] Both the Secretary and Lashway move to strike Bent's responses as untimely. Because neither party is prejudiced by consideration of the responses, the Court denies the motions. Bent, however, is hereby informed that he must comply with the Local Rules of Procedure.

## II. DISCUSSION

Regarding the Secretary's motion, she argues that Bent improperly reasserted his claims against her even though the Court had dismissed the claims with prejudice. Bent counters that the Ninth Circuit "decided leave to amend was implicitly granted by the District Court." Dkt. 49 at 2. Contrary to Bent's position, the Ninth Circuit dismissed his appeal because the Court's order did not dispose of all claims against *all parties*. Once the Court disposes of all claims against all parties, Bent may appeal the dismissal of the Secretary. Until then, the Court has dismissed the Secretary with prejudice, and Bent may not add claims against the Secretary without requesting leave to amend. Therefore, the Court strikes Bent's claims against the Secretary and denies the Secretary's motion as moot.

Regarding Lashway's motion, she argues that the Court should abstain under either the *Rooker-Feldman* doctrine or under principles of equitable abstention. Lashway contends that Bent's claims are inextricably intertwined with the state court rulings against Bent in his child custody proceedings. While the Court agrees with Lashway that such claims would be inappropriate in this Court, Bent does not appear to challenge such rulings in this Court. Instead, Bent seems to challenge the entire government system regulating child custody matters and support payments. Based on a liberal reading of the complaint, Bent asserts one claim against Lashway and seeks four specific types of relief as follows:

> A declaration invalidating 42 U.S.C. § 654(7) and enjoining all agreements made pursuant, as all are violation of Article III of the Federal Constitution for permitting and requiring provisions for DSHS "entering

into cooperative arrangements with appropriate courts" and "entering into of financial arrangements with such courts" whereby Federal Incentive grants are used to bias the judgment of the recipient courts.

A declaration clarifying the Federal criteria to be classified as a "Noncustodial Parent" (ie, FNCP) within the meaning and purpose of Subchapter IV, Grants to States for Aid and Services to Needy Families With Children and for Child-Welfare Services, 42 U.S.C. §§ 601-679;

\*\*\*

Order instructing Defendant Lashway to remove Bent and his support obligations from the DSHS registry of Federal "Noncustodial Parents";

Order instructing public disclosure by Defendant Lashway revealing all State Courts, Federal Courts and political subdivisions with which she has active cooperative financial agreements and details of those agreements.

Dkt. 40, ¶ 128 A, B, D, E.

Although Bent's claim and requested relief may fail for numerous reasons, the Court is not persuaded that abstention is one of those reasons. For example, Bent alleges that there is "no State Court judgment finding Bent to be a 'Noncustodial Parent' of any variety and thus no State Court decision available to challenge on appeal in State Court." *Id*. ¶ 68. If this allegation is true, then Bent would have no forum to challenge this government designation. In sum, the Court does not conclude that Bent's claims against Lashway are valid, the Court is simply concluding that it does not appear from the face of the complaint that abstention is appropriate under the *Rooker-Feldman* doctrine or under principles of equitable abstention. Therefore, the Court denies Lashway's motion to dismiss Bent's claims for lack of jurisdiction.

Finally, Lashway argues that Bent lacks standing to challenge Title IV-D by incorporating the Secretary's arguments on this issue. Dkt. 46 at 10. In her reply, Lashway appears to drop this argument. *See* Dkt. 52 at 5. Regardless, the Secretary's

arguments relate to a lack of injury fairly traceable to a federal defendant and, in the alternative, the acts complained of are not subject to review under the federal Administrative Procedures Act. Dkt. 45 at 4–5. Lashway fails to show how these arguments apply to her. Therefore, the Court denies the motion on this issue as well.

## III. ORDER

Therefore, it is hereby **ORDERED** that the Secretary's motion to dismiss (Dkt. 45) is **DENIED as moot** and Lashway's motion for to dismiss (Dkt. 46) is **DENIED**. The Clerk shall terminate Secretary Barlow.

Dated this 23rd day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge