UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL S. BENT,

               Plaintiff,

   v.

PATRICIA LASHWAY, et al.,

               Defendants.

CASE NO. C16-5916 BHS

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter comes before the Court on the following motions:

1. Plaintiff Michael Bent's ("Plaintiff") motion for default or summary judgment against Defendants Greg Kimsey ("Kimsey") and Mark McCauley ("McCauley") (collectively "County Defendants") (Dkt. 68);

2. Plaintiff's motion for summary judgment against Defendant Patricia Lashway ("Lashway") (Dkt. 58);

3. The cross-motion for summary judgment of Defendants Kimsey and McCauley (collectively "County Defendants") (Dkt. 76); and

4. Lashway's cross-motion for summary judgment (Dkt. 82).

The Court has considered the pleadings filed in support of and in opposition to these motions and the remainder of the file and hereby grants the cross-motions for summary judgment in favor of Lashway and the County Defendants for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 31, 2016, Plaintiff filed his original complaint in this action against Lashway in her official capacity as Acting Secretary of the Washington Department of Social and Health Services ("DSHS"); the Assistant Secretary for the Administration for Children and Families under the U.S. Department of Health and Human Services (the "Secretary"); McCauley, in his official capacity as Manager and CEO of Clark County; and Kimsey, in his official capacity as Clark County Auditor. Dkt. 1. Plaintiff asserted numerous claims based on the theory that "Lashway inappropriately steers Federal Incentive grant awards to the County with intention to bias custodial arrangement in fragmented families." *Id.*

Also on October 31, 2016, Plaintiff moved for the recusal of any judge that was a member of the Washington State Bar Association, on the basis that membership in the same state bar association as Lashway would undermine the impartiality of the Court. Dkt. 3. Plaintiff's motion for recusal was denied. Dkts. 17, 18.

On January 3, 2017, Lashway filed a motion for a more definite statement (Dkt. 24) and the Secretary filed a motion to dismiss (Dkt. 25). On February 22, 2017, the Court granted the Secretary's motion and dismissed Plaintiff's claims against the Secretary with prejudice. Dkt. 35. The Court also granted Lashway's motion for a more

definite statement, giving Plaintiff leave to amend his claims against Lashway only. Dkt. 35. On February 27, 2017, Plaintiff appealed. Dkt. 38.

On March 3, 2017, Plaintiff filed an amended complaint. Dkt. 40. On March 14, 2017, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction because the Court's order did not dispose of all claims against all parties. Dkt. 44.

On March 17, 2017, both the Secretary and Lashway again moved to dismiss the amended complaint. Dkts. 45, 46. On May 23, 2017, the Court entered an order granting the Secretary's motion to dismiss and denying Lashway's motion to dismiss. Dkt. 54.

On June 6, 2017, Lashway filed her answer to the amended complaint. Dkt. 55. On July 27, 2016, the County Defendants filed their answer to the amended complaint. Dkt. 57.

On July 28, 2017, Plaintiff moved for summary judgment. Dkt. 58. On August 10, 2017, Lashway moved to extend the deadline for a response to Plaintiff's summary judgment motion. Dkt. 62. On August 24, 2017, the Court granted the extension. Dkt. 66.

On August 28, 2017, Plaintiff moved for default judgment or alternatively summary judgment against the County Defendants. Dkt. 68. On September 18, 2017, Lashway and the County Defendants responded to the motion for default judgment. Dkts. 71, 78. The County Defendants also filed a cross-motion for summary judgment. Dkts. 76. On September 22, 2017, Plaintiff replied on his motion for default judgment and his motion for summary judgment against Lashway. Dkt. 80, 81.

On October 5, 2017, Lashway filed her cross-motion for summary judgment against Plaintiff. Dkt. 82. On October 9, 2017, Plaintiff responded to the County

Defendants' cross-motion for summary judgment. Dkt. 84. On October 13, 2017, the County Defendants replied on their cross-motion. Dkt. 85. On October 16, 2017, Plaintiff responded to Lashway's cross-motion for summary judgment. Dkt. 86.

## II. FACTUAL BACKGROUND

Plaintiff and his former spouse, LaShandre Bent ("LaShandre"), were married on June 29, 1991, and have two children. In June 2013, LaShandre filed for divorce and sought to relocate out of state with custody of the children. On June 21, 2013, Clark County Superior Court entered a temporary order requiring that Plaintiff pay $5,000 per month to LaShandre in family support, beginning June 15, 2013. Dkt. 74-1 at 2–3. The order also temporarily limited Plaintiff's contact with the children to supervised visits on weekends. *Id.*

On August 13, 2013, the Division of Child Support ("DCS") at DSHS opened a case on Plaintiff's child support obligations when LaShandre requested support enforcement services. Dkt. 75 at 3. DCS served Plaintiff with notice advising him to make his child support payments to DCS, with which Plaintiff complied. Dkt. 74 at 2.

On October 10, 2014, Judge Veljacic of Clark County Superior Court entered several orders finalizing Plaintiff's dissolution. Dkt. 74-1 at 5–14 (Parenting Plan), 16–27 (Order of Child Support), 45–53 (Decree of Dissolution), 55–59 (Findings of Fact and Conclusions of Law). Included in these orders was an Order of Child Support requiring that Plaintiff pay child support in increasing amounts through September 30, 2017. *Id.* at 16–27. Also included in these orders was a "Parenting Plan," wherein LaShandre was

designated as the "custodian of the children solely for purposes of all other state and federal statutes which require a designation or determination of custody." *Id*. at 9.

At the time of the parties' summary judgment motions, Plaintiff was paying $1,500 in maintenance and $808.36 per month in child support through DCS. *Id.* at 16–53.

### III. DISCUSSION

**A.   Motion for Default Judgment**

Plaintiff has moved for default judgment against the County Defendants. Dkt. 68. The Court has discretion to grant default judgment after a default has been entered against a party for their failure to plead or otherwise defend. Fed. R. Civ. P. 55. While Plaintiff cites Federal Rule of Civil Procedure 55, he makes no argument regarding the County's failure to plead or otherwise defend. No default has been entered. Indeed, all of the Defendants in this case have answered the complaint. Dkts. 55, 57. The Defendants have also opposed Plaintiff's motions and filed cross-motions for summary judgment of their own. Dkts. 71, 76, 78, 82, 85. Accordingly, Plaintiff's motion for default judgment is denied.

**B.   Motions for Summary Judgment**

Plaintiff brings claims premised on three alleged wrongs. First, Plaintiff claims that DSHS has violated the Freedom of Information Act by failing to provide him with all of the agreements between DSHS and various Washington courts and political subdivisions. Dkt. 58 at 19–20. Second, Plaintiff complains that the implementation of financial agreements under 42 U.S.C. § 654(7) violated his constitutional rights by

depriving him of an impartial hearing in his divorce and child custody proceedings in Clark County Superior Court. Dkt. 40 at 21–22. Third, Plaintiff complains that DSHS wrongfully designated him as "noncustodial parent" for the purposes of Title IV-D, which "comes with severe restrictions, extensive tracking and listing on various databases used by various authorities to monitor and constraint [sic] persons of interest including rapists, criminals, and terrorists." *Id.* Each of the parties have moved for summary judgment on all of Plaintiff's claims stemming from these three alleged wrongs.

    **1.**    **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine dispute of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In determining the existence of a dispute over material fact, the Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial— e.g., a preponderance of the evidence. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party; the nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

### 2. FOIA Claim

The Court dismisses Plaintiff's FOIA claim. FOIA applies only to agencies of the executive branch of the United States federal government. *Moore v. United Kingdom*, 384 F.3d 1079, 1089 (9th Cir. 2004) (citing 5 U.S.C. §§ 551(1), 552(f)). DSHS is an agency of Washington State, and therefore not subject to FOIA. *See Kerr v. U.S. Dist. Court for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976). Additionally, even if DSHS was a federal agency subject to FOIA, Plaintiff has not submitted a FOIA request to DSHS, which would preclude his claim. 5 U.S.C. § 552(a)(3).

### 3. Impartial Hearings

The Court also dismisses Plaintiff's claims against DSHS and the County Defendants premised on his theory that DCS reimbursements to Clark County Court deprived him of impartial hearings in his divorce proceedings. See Dkt. 40 at 12–16, 21–36. Federal law authorizes DCS to reimburse courts that help it obtain "optimum results" through expeditious resolution of Title IV-D cases. 42 U.S.C. § 654(7); 45 C.F.R. § 303.101. Clark County Superior Court is eligible for such reimbursements because it provides a weekly docket before a court commissioner that is exclusively dedicated to the Title IV-D caseload. Dkt. 73 at 3. Notably, Clark County does not receive reimbursement from DCS for hearing time before Superior Court judges. Dkt. 72 at 2.

Defendants have shown that the outcome of these Title IV-D cases have no effect on any benefit to the commissioners or judges of courts with DCS contracts. All judges and court commissioners receive the same salary, regardless of the outcome or caseload of their Title IV-D cases. RCW 43.03.012; RCW 2.24.030; Dkt. 72 at 1–2. Moreover, Plaintiff has failed to show that the Clark County reimbursement contract with DCS has any connection whatsoever to his dissolution proceedings, which were adjudicated by a Superior Court judge. *See* Dkt. 74-1. Indeed, federal law prohibits DCS from issuing any reimbursements related to the activity of Superior Court judges. 45 C.F.R. § 304.21. Moreover, these reimbursements are entirely unrelated to the outcome of any commissioner case on the Title IV-D docket, but are instead related to the time and resources dedicated to those cases. Dkt. 72 at 2; Dkt. 73 at 3–4.

Plaintiff has failed to provide any evidence, or even a cognizable theory, as to how DCS reimbursements had any effect on the impartiality of the tribunal presiding over his dissolution proceedings. Accordingly, Plaintiff has failed to show any unlawful deprivation of his rights and his constitutional claims must fail.

### 4. "Noncustodial Parent" Designation

Finally, the Court dismisses Plaintiff's challenge of his designation as a "noncustodial parent" under Title IV-D.

Plaintiff argues that his designation as a "noncustodial parent" violates federal law. Specifically, Plaintiff argues that "only parents guilty of a heinous crime resulting in them losing legal rights of parental custody can be considered a federal noncustodial parent under Title IV-D," and it is therefore wrong for DSHS to label him as a "noncustodial parent" as the result of court-ordered child support payments. Dkt. 86 at 2 (citing Dkt. 40 at 8–12). Therefore, Plaintiff argues, because "[n]o State Court had adjudicated Plaintiff to be a 'noncustodial parent' . . . , DSHS incorrectly applied that apparent quasi-criminal federal classification" and he cannot be designated as a "noncustodial parent" for the purposes of Title IV-D. Dkt. 58 at 5.

However, contrary to Plaintiff's contentions, the Clark County Superior Court specifically designated LaShandre as the "custodian of the children solely for purposes of all other state and federal statutes which require a designation or determination of custody." Dkt. 74-1 at 9. Because LaShandre was designated as the custodial parent for the purposes of federal laws such as Title IV-D, Plaintiff is necessarily the noncustodial parent. To challenge this designation by the Superior Court, Plaintiff must seek review or

amendment of the parenting plan entered by the Clark County Superior Court, which review he cannot seek here. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

**5.  Housekeeping**

Defendants have raised numerous other arguments to assert their entitlement to summary judgment, including (but not limited to) arguments on Eleventh Amendment immunity and judicial immunity. Because the Court has already concluded that Plaintiff's claims must be dismissed for the reasons stated above, it need not consider these additional arguments.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Lashway's cross-motion for summary judgment (Dkt. 82) and the County Defendants' cross-motion for summary judgment (Dkt. 76) are **GRANTED** and Plaintiff's claims are **DISMISSED**. Plaintiff's motions for default judgment (Dkt. 68) and summary judgment (Dkts. 58, 68) are **DENIED**.

The Clerk shall enter judgment in favor of the defendants and close this case.

Dated this 30th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge